UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re SHELBY R. GLAZER

        Debtor.　　　　　　　　　　　Bankruptcy Case No. 03-72264

WENDY TURNER LEWIS,
Chapter 7 Trustee

                                          Case number 04-74759
        Appellant,　　　　　　　　　　Honorable Julian Abele Cook, Jr.

v.

SHELBY R. GLAZER,

        Appellee.

## ORDER

Wendy Turner Lewis, the Chapter 7 Trustee in the underlying bankruptcy action ("the Trustee"), appeals a decision by the bankruptcy court which rejected her motion to compel the Debtor, Shelby R. Glazer, to execute a covenant not to practice his profession in three counties for a period of two years. For the reasons that are stated below, the Court rejects the Trustee's appeal.

I.

On November 20, 2003, Shelby Glazer filed a voluntary petition for bankruptcy reorganization under Chapter 11. *See* 11 U.S.C. § 1101 *et seq*. At the time of the filing, Glazer was the sole shareholder of a professional corporation, through which he operated his practice as a chiropractor in Southfield, Michigan. On September 28, 2004, the Trustee filed a motion, seeking authority from the bankruptcy court to sell Glazer's practice. Included in her motion was a request to compel Glazer to execute a covenant not to compete with his professional corporation in the Michigan counties of Wayne, Oakland, and Macomb for a period of two years. According to the

Trustee, this lockout was justified in order to increase the value of his chiropractic practice by several thousand dollars.

Following the completion of an initial hearing on August 31, 2004, Chief Judge Steven J. Rhodes of the United States Bankruptcy Court for the Eastern District of Michigan denied the Trustee's motion after concluding that those provisions within the Bankruptcy Code, which pertain to the exclusion of post-petition earnings, encompassed a covenant not to compete:

> Although not stated this way in the trustee's motion, what the trustee seeks to bring into the estate and sell is the debtor's right to work in Wayne, Oakland and Macomb counties. However, as noted, the debtor's post-petition earnings are excluded from property of the estate. The Court concludes that this broad exclusion necessarily includes the debtor's right to work in certain counties post-petition. Moreover, the fact that this might increase the value of the property that is estate property--here, the debtor's chiropractic practice--does not change this result. Accordingly, the trustee's request to include a covenant not to compete in the sale of the debtor's chiropractic business is denied.

*In re Glazer*, 317 B.R. 488 (E.D. Mich. 2004). This appeal by the Trustee followed.

II.

As a threshold matter, this Court must seek to determine if it has jurisdiction to hear this appeal. 28 U.S.C. § 158(a) provides, in relevant part, that this Court may hear appeals

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11...
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

In addressing this issue, Glazer asserts that the order from the Bankruptcy Court, being

interlocutory in nature, is appealable only by leave of this Court.[1] However, the Trustee maintains that this Court must hear her appeal because the challenged order from the bankruptcy court was final. In support of her argument, she cites extensively from an unpublished opinion in which the United States Court of Appeals for the Sixth Circuit ("the Sixth Circuit"), *In re Sol Bergman Estate Jewelers, Inc.*, 208 F.3d 215 (6th Cir. 2000), noted that the concept of finality in bankruptcy appeals is "broader and more flexible than the concept applied in ordinary civil litigation." *Id*. at **1. Notwithstanding this declaration, the Trustee neither cites any case law nor advances any argument as to why her underlying motion is a final one. A final order "is usually defined as 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *United States v. Hess,* 982 F.2d 181, 184 (6th Cir. 1992) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Since the order on which this appeal is based did not terminate the underlying proceedings, it is not a final order.

III

Nevertheless, this Court may convert the Trustee's notice to appeal as a motion to appeal pursuant to Fed. R. Bankr. P. 8003(c), which states that "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed." In determining whether to grant or deny the Trustee's request for an appeal, this Court is guided by the standards which govern interlocutory appeals under 28 U.S.C. § 1292(b). *See In re M.T.G., Inc.*, 298 B.R. 310, 315 (E.D. Mich. 2003). Under this statute, a district court may hear an appeal if (1) there is substantial ground for a difference of opinion and (2) the immediate appeal from the order may

[1]There is no dispute that the Trustee failed to request leave for an appeal.

materially advance the ultimate termination of the litigation.

In his argument, the Debtor asserts that, inasmuch as the Trustee has not submitted any legal authority to support her position, there is no "substantial ground for a difference of opinion." This Court agrees. Significantly, the Trustee offers no argument on this issue in her response to the Debtor's motion to dismiss. Furthermore, the cases that were cited by the Trustee in her brief on appeal, *In re Prince*, 85 F.3d 314 (7th Cir. 1996) and *In re Jones*, 181 B.R. 538, 540 (D. Kan. 1995), do not support her position. In these two bankruptcy proceedings, the parties jointly and voluntarily agreed to sell the debtors' dental practices. In each case, the voluntary agreements contained covenants not to compete. *See In re Prince*, 85 F.3d at 317; *In re Jones*, 181 B.R. at 540; *see also In re Annabel*, 263 B.R. 19, 21 (N.D.N.Y. 2001) (agreement to sell chiropractor's practice included covenant not to compete). Inasmuch as the non-compete provisions were voluntarily executed, neither *Prince* nor *Jones* support the Trustee's contention that the Court has the authority to compel a debtor to execute a covenant not to compete.

In *Haiges v. Chatz (In re Oak Park Cleaners & Dyers, Inc.)*, 125 F.2d 420 (7th Cir. 1942), the Seventh Circuit Court of Appeals set aside an injunctive order, holding that the bankruptcy court did not have the power to refrain the former president of the debtor company from competing with the new owners. *Id*. at 422. The bankruptcy court held in *Haiges* that "[a]fter the sale and delivery of the assets of the bankrupt to the purchaser and the business and assets of the bankrupt had passed beyond the court's control, the former president of the bankrupt clearly had a right to go into the same line of business wherever he chose." *Id.* at 422.

In the absence of any counter-argument by the Trustee, the Court (1) agrees with the well-reasoned analysis of the bankruptcy court and (2) concludes that there is no substantial ground for

4

difference of opinion on this issue.

IV.

Finally, the Court determines that this appeal will not materially advance the ultimate termination of the litigation. As pointed out by the Debtor, the Trustee's appeal is premature because the bankruptcy court has not yet determined the value of the professional corporation's stock. As an alternative remedy to the enforcement of a non-compete covenant, the Trustee seeks to obtain a remand to the bankruptcy court for an appropriate determination of the value of Glazer's practice, including its goodwill. *See* Appellant Br. on Appeal at 26-27. As of this date, however, the Trustee has not sought this relief in the bankruptcy court. A court should not grant leave to appeal an interlocutory decision if the relief sought by the appellant has not been addressed by the bankruptcy court. *See In re Adirondack Ry. Corp.*, 38 B.R. 736 (N.D.N.Y. 1984); *see also In re Charter Co.*, 778 F.2d 617, 622 (11th Cir. 1985) (rejecting request to appeal interlocutory decision when bankruptcy court had not had opportunity to litigate claims). Thus, the Trustee's request for leave to appeal must be rejected because it will not materially advance the termination of the underlying proceedings.

V.

For the foregoing reasons, the Court will characterize the Trustee's notice of appeal as a motion for leave to appeal an interlocutory order of the bankruptcy judge. Since the Trustee has failed to provide any persuasive authority for her position and because her appeal does not materially advance the ultimate termination of this litigation, this motion must be, and is, denied.

IT IS SO ORDERED.

DATED:   <u>May 19, 2005</u>                                       <u>s/ Julian Abele Cook, Jr.</u>
              Detroit, Michigan                                  JULIAN ABELE COOK, JR.
                                                                   United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 19, 2005.

                                                                                                                 <u>s/ Kay Alford</u>
                                                                                                                 Courtroom Deputy Clerk